IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| EXXON MOBIL CORPORATION, § <br> § <br> Plaintiff § <br> § <br> v. § <br> § <br> ARJUNA CAPITAL, LLC and FOLLOW § <br> THIS, § <br> § <br> Defendants. § <br> § | Civil Action No. 4:24-cv-00069-P |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION
TO SET EXPEDITED SUMMARY JUDGMENT BRIEFING SCHEDULE**

In this case, Plaintiff Exxon Mobil Corporation ("ExxonMobil") asks this Court to address an urgent question: whether ExxonMobil may lawfully exclude a shareholder proposal submitted by Defendants Arjuna Capital, LLC ("Arjuna") and Follow This (the "2024 Proposal") from its proxy statement for its annual shareholder meeting scheduled for May 29, 2024.  Because this case presents purely legal issues, ExxonMobil intends to file a motion for summary judgment regarding its request for declaratory judgment and respectfully asks this Court to set an expedited briefing schedule.

In declaratory-judgment actions, Rule 57 of the Federal Rules of Civil Procedure allows the court to "order a speedy hearing," Fed. R. Civ. P. 57, and "advance [the action] on the calendar," *Donnely v. Mavar Shrimp & Oyster Co.*, 190 F.2d 409, 410 (5th Cir. 1951).  Expedited treatment under Rule 57 is appropriate when: (1) litigation is pending under an "imminent deadline," *Miller v. Warner Literary Grp. LLC*, No. 12-CV-2871-WJM-KLM, 2013 WL 360012, at *2 (D. Colo. Jan. 30, 2013) (looming publication date warranted expedited hearing regarding author's contract dispute with his agent); (2) the "raw facts" are "not in dispute" and the case

instead "centers on the applicable legal standard," *NBA v. Williams*, 857 F. Supp. 1069, 1071 n.1 (S.D.N.Y. 1994), *aff'd*, 45 F.3d 684 (2d Cir. 1995); and (3) resolution of the declaratory judgment claim "will terminate the controversy or at least substantially narrow the issues," *GEC US 1 LLC v. Frontier Renewables, LLC*, No. 16-cv-1276 YGR, 2016 WL 3345456, at *6 (N.D. Cal. June 16, 2016) (internal quotation marks omitted).

District courts often order expedited proceedings in shareholder-proposal suits like this, where the litigation timeline is compressed between the proposal's submission and the deadline for the proxy material's preparation. For example, in *Apache Corp. v. Chevedden*, 696 F. Supp. 2d 723 (S.D. Tex. 2010), a corporation filed a complaint on January 8, 2010, asking for a declaration that it could exclude a shareholder proposal that had been submitted on November 9, 2009. *See* Mot. for Speedy Hr'g. at 1, *Apache Corp.*, 696 F. Supp. 2d 723 (No. 4:10-cv-76), ECF No. 3. The court set an expedited schedule with briefing occurring between February 14 and March 8 and granted the requested declaratory relief on March 10. Min. Entry, *Apache Corp.*, 696 F. Supp. 2d 723 (No. 4:10-cv-76), ECF Nos. 14, 21. Substantially the same process unfolded in *Express Scripts Holding Co. v. Chevedden*, No. 4:13-cv-2520, 2014 WL 631538 (E.D. Mo. Feb. 18, 2014), ECF Nos. 5, 10, 13, and 23.

This case presents a similar expedited timeline. ExxonMobil received the 2024 Proposal on December 14, 2023. On December 22, 2024, it sent an acknowledgement of receipt and a notice of certain deficiencies in the 2024 Proposal to Arjuna and Follow This. Arjuna responded to the deficiency notice on January 3, 2024, but Follow This did not respond. After considering Arjuna's response, on January 21, 2024, ExxonMobil filed this lawsuit and notified the SEC of its intent to exclude the 2024 Proposal.

Consistent with its past practice, ExxonMobil plans to finalize the contents of its proxy statement by March 20, 2024, approximately three weeks before distributing it to the public. This is the minimum time needed to format, print, and manage the logistics of mailing approximately 150,000 paper copies of the proxy statement to ExxonMobil shareholders by April 11, 2024. This publication date will allow ExxonMobil to invest the significant time and resources required to meaningfully engage with its five million shareholders, while also ensuring that it complies with the federal securities law filing deadline of April 19, 2024 (40 days prior to the annual shareholder meeting).

Without a declaration from the Court by March 19, 2024 that ExxonMobil can exclude the 2024 Proposal from its proxy statement, ExxonMobil would include the 2024 Proposal in its proxy statement with a disclaimer that the 2024 Proposal might not be presented for a shareholder vote, depending on the outcome of this litigation. This would distract shareholders from focusing on the critical issues typically considered and voted on at annual shareholder meetings—that is, director nominations, executive compensation, and shareholder proposals that have been properly submitted pursuant to Rule 14a-8 of the Securities Exchange Act. It also would divert management's attention and waste corporate resources by causing them to have to address questions about the 2024 Proposal.

ExxonMobil has a strong interest in avoiding unnecessary confusion among its millions of shareholders and the resulting disruption to its annual shareholder meeting. The Declaratory Judgment Act and Rule 57 of the Federal Rules of Civil Procedure were designed to expedite resolution of exactly this type of case, one where the facts are undisputed and the legal standard is clear. An expedited briefing schedule will permit ExxonMobil to timely submit its proxy materials and engage with its shareholders before the annual shareholder meeting. ExxonMobil respectfully

asks that its motion to set an expedited summary judgment briefing schedule for its declaratory judgment request be granted.

Dated: January 25, 2024          Respectfully submitted,

/s/ *Mark W. Rasmussen*
Mark W. Rasmussen
Texas State Bar No. 24086291
Jonathan D. Guynn
Texas State Bar No. 24120232
JONES DAY
2727 North Harwood Street
Dallas, TX 75201-1515
Telephone: +1.214.220.3939
Facsimile: +1.214.969.5100
E-mail: mrasmussen@jonesday.com
E-mail: jguynn@jonesday.com

Gregg J. Costa
Texas State Bar No. 24028160
David Woodcock
Texas State Bar No. 24028140
GIBSON, DUNN & CRUTCHER
2001 Ross Avenue, Suite 2100
Dallas, TX 75201-2923
Telephone: +1.214.698.3211
Facsimile: +1.214.571.2914
E-mail: gcosta@gibsondunn.com
E-mail: dwoodcock@gibsondunn.com

Noel J. Francisco (*pro hac vice* pending)
D.C. Bar No. 464752
Brett A. Shumate (admitted *pro hac vice*)
D.C. Bar No. 974673
Megan Lacy Owen
D.C. Bar No. 1007688
JONES DAY
51 Louisiana Avenue, N.W.
Washington, D.C. 20001-2113
Telephone: +1.202.879.3939
Facsimile: +1.602.626.1700
E-mail: njfrancisco@jonesday.com
E-mail: bshumate@jonesday.com
E-mail: mlacyowen@jonesday.com

ATTORNEYS FOR PLAINTIFF