IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| EXXON MOBIL CORPORATION, | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| v. | § | Civil Action No. 4:24-cv-00069-P |
| | § | |
| ARJUNA CAPITAL, LLC and FOLLOW THIS, | § | |
| | § | |
| | § | |
| Defendants. | § | |

### PLAINTIFF'S STATUS UPDATE

Pursuant to the Court's February 2, 2024 *Order*, ECF No. 18, Plaintiff Exxon Mobil Corporation ("ExxonMobil") submits this update concerning the outstanding claims or issues currently pending before the Court.

ExxonMobil filed this case because year after year Defendants submit shareholder proposals under the federal securities laws to advance their personal agenda at the expense of ExxonMobil's shareholders. And there is no good reason to believe they will stop. By their own admission, they have no desire to increase shareholder value. ECF No. 1 ¶ 3. To the contrary, their objective is to constrain ExxonMobil's ability to provide affordable, reliable energy from fossil fuels. They own nominal shares (or advise nominal shareholders) for the sole purpose of attacking ExxonMobil from within—what Follow This proudly calls the "Goldilocks Trojan Horse" strategy. *Id.* ¶¶ 1–6, 83. Using this strategy, they have submitted fourteen proposals in the past eleven years. *Id.* ¶ 54. And they have a long history of coordinating with other activist organizations to pursue their anti-fossil-fuel agenda. *Id.* ¶ 64.

Yet the Securities and Exchange Commission ("SEC") permits this type of conduct under its current application of the rules. SEC staff currently interpret the relevant securities

regulations—through no-action letters and in sub-regulatory guidance—in a way that is inconsistent with the regulations and encourages Defendants and other activist organizations to submit shareholder proposals designed to disrupt the ordinary business operations of public companies and harm their shareholders.  The SEC explains, however, that its guidance is informal and has no legal force or effect, and it further states that it cannot decide the merits of a company's position regarding a shareholder proposal.  Only a court can.  *Id*. ¶¶ 41–42.

For this reason, ExxonMobil sought a declaration from this Court that the 2024 Proposal can be properly excluded from ExxonMobil's proxy statement under SEC Rules 14a-8(i)(7) (the "Ordinary Business Exclusion") and (i)(12) (the "Resubmission Exclusion").  *Id*. at Prayer for Relief.  Eight days after ExxonMobil filed the complaint, Defendants withdrew the 2024 Proposal[1] and said they will not resubmit it in future years.  But they have not conceded that the 2024 Proposal is properly excluded under the Ordinary Business Exclusion or the Resubmission Exclusion.  Thus, Defendants could attempt to submit, on their own or in coordination with others, future proposals that address substantially the same subject matter as the 2024 Proposal (in violation of the Resubmission Exclusion) or that relate to ExxonMobil's ordinary business operations and micromanage the company (in violation of the Ordinary Business Exclusion).  Ultimately, their withdrawal of the 2024 Proposal does not provide ExxonMobil complete relief this year, and their promise not to resubmit the 2024 Proposal in the future is meaningless because ExxonMobil has no assurance that Defendants will not submit a slightly modified but substantively identical proposal.  A ruling from this Court on the application of the Ordinary Business Exclusion and the Resubmission Exclusion to the 2024 Proposal is needed to resolve these issues.

---

[1] The 2024 Proposal asks ExxonMobil to accelerate the pace of reducing its Scope 1, 2, and 3 greenhouse gas emissions through new plans, targets, and timetables.  ECF. No. 1 ¶ 8.

It is well-settled that "a defendant cannot automatically moot a case simply by ending its unlawful conduct once sued." *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013). If the rule were otherwise, a defendant could easily deprive a plaintiff of the relief it seeks by stopping the behavior "when sued to have the case declared moot, then pick[ing] up where he left off, repeating this cycle until he achieves all his unlawful ends." *Id*. This is exactly what Defendants are trying to do here—similar to what other shareholder defendants have tried to do in other cases. *See, e.g.*, *Waste Connections, Inc. v. Chevedden*, 554 F. App'x 334, 335 (5th Cir. 2014) (rejecting argument that "claim became moot as a result of the Defendants' promise not to sue" the corporation for excluding a shareholder proposal).

As ExxonMobil carried its burden of demonstrating its standing at the time it filed the complaint, *KBR Inc. v. Chevedden*, 776 F. Supp. 2d 415, 427 (S.D. Tex. 2011), *aff'd*, 478 F. App'x 213 (5th Cir. 2012), Defendants now "bear[] the formidable burden of showing that it is absolutely clear the allegedly wrongful behavior could not reasonably be expected to recur," *Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*, 528 U.S. 167, 190 (2000). Defendants will not be able to carry that "formidable burden" because they have a lengthy history of repeatedly targeting ExxonMobil with improper shareholders proposals. And in their public comments about this case, Defendants have maintained that the 2024 Proposal is proper under the rules and have not disavowed the "Goldilocks Trojan Horse" strategy that seeks to disrupt ExxonMobil's ordinary business operations and cause ExxonMobil to stop exploring for oil and gas. *See, e.g.*, *Exxon files lawsuit against climate resolution by Arjuna Capital and Follow This*, FOLLOW THIS (Jan. 22, 2024), https://www.follow-this.org/exxon-files-lawsuit-against-climate-resolution-by-arjuna-capital-and-follow-this/; Myles McCormick & Tom Wilson, *Investors pull ExxonMobil climate motion after oil supermajor sues*, FIN. TIMES (Feb. 2, 2024, 12:49 PM),

https://www.ft.com/content/016389b9-8463-4f96-b1a8-0bb811e61e8a.  Accordingly, the parties have an interest in having the Court settle the legality of the 2024 Proposal because there remains "a dispute over the legality of the challenged practices." *United States v. W. T. Grant Co.*, 345 U.S. 629, 632 (1953).

ExxonMobil submits that Defendants should be required to answer or otherwise move against the complaint.  If Defendants move to dismiss on mootness grounds, ExxonMobil will further explain why Defendants cannot carry their burden on that issue and reserves the right to seek jurisdictional discovery in support of its position.

Dated: February 5, 2024

Respectfully submitted,

/s/ *Mark W. Rasmussen*

| | |
|---|---|
| Gregg J. Costa<br>Texas State Bar No. 24028160<br>David Woodcock<br>Texas State Bar No. 24028140<br>GIBSON, DUNN & CRUTCHER<br>2001 Ross Avenue, Suite 2100<br>Dallas, TX 75201-2923<br>Telephone: +1.214.698.3211<br>Facsimile: +1.214.571.2914<br>E-mail: gcosta@gibsondunn.com<br>E-mail: dwoodcock@gibsondunn.com | Mark W. Rasmussen<br>Texas State Bar No. 24086291<br>Jonathan D. Guynn<br>Texas State Bar No. 24120232<br>JONES DAY<br>2727 North Harwood Street<br>Dallas, TX 75201-1515<br>Telephone: +1.214.220.3939<br>Facsimile: +1.214.969.5100<br>E-mail: mrasmussen@jonesday.com<br>E-mail: jguynn@jonesday.com<br><br>Noel J. Francisco (admitted *pro hac vice*)<br>D.C. Bar No. 464752<br>Brett A. Shumate (admitted *pro hac vice*)<br>D.C. Bar No. 974673<br>Megan Lacy Owen<br>D.C. Bar No. 1007688<br>JONES DAY<br>51 Louisiana Avenue, N.W.<br>Washington, D.C. 20001-2113<br>Telephone: +1.202.879.3939<br>Facsimile: +1.602.626.1700<br>E-mail: njfrancisco@jonesday.com<br>E-mail: bshumate@jonesday.com<br>E-mail: mlacyowen@jonesday.com |

ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I hereby certify that on February 5, 2024, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which caused it to be served on counsel for Arjuna Capital and Follow This.

*/s/ Mark W. Rasmussen*
Mark W. Rasmussen