UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| **EXXON MOBIL CORPORATION,** § § § | | |
| *Plaintiff* § § | | |
| v. § § | **CASE NO. 4:24-CV-00069-P** | |
| **ARJUNA CAPITAL, LLC and FOLLOW THIS,** § § § § | | |
| *Defendants* § | | |

## ARJUNA CAPITAL, LLC'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS

**FOLEY HOAG LLP & STINSON LLP**

Matthew E. Miller (*pro hac vice*)
MA Bar No. 655544
mmiller@foleyhaog.com

Veronica M. Renzi (*pro hac vice*)
DC Bar No. 371654
vrenzi@foleyhoag.com

Ross Mortillaro
State Bar No. 24027531
ross.mortillaro@stinson.com

Zachary Ford
State Bar No. 24116373
zach.ford@stinson.com

**ATTORNEYS FOR DEFENDANT ARJUNA CAPITAL, LLC**

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................................. 1

ARGUMENT .................................................................................................................................. 1

I. **The Case is Moot.** ............................................................................................................. 1

    A. There Is No Reasonable Basis to Conclude the Challenged Conduct Will Recur. .......... 2

    B. Exxon Should Not Benefit from Its Pre-Litigation Subterfuge........................................ 5

    C. Exxon Has Not Identified Any "Effectual Relief" the Court May Award....................... 5

II. **Exxon Has Failed to Establish Personal Jurisdiction.** ...................................................... 7

    A. Exxon Ignores the Controlling Language of Section 27 of the Exchange Act. ............... 7

    B. Exxon's "Alternative" Personal Jurisdiction Theory Should Be Rejected. ..................... 8

III. **Exxon is Not Entitled to Jurisdictional Discovery.** .......................................................... 9

CONCLUSION............................................................................................................................. 10

# **TABLE OF AUTHORITIES**

Page(s)

**Cases**

*Already, LLC v. Nike, Inc.*, 568 U.S. 85 (2013) ............................................................................3, 5

*Ashford Inc. v. Unite Here*, No. 3:15-cv-0262-M, 2015 U.S. Dist. LEXIS 179792
    (N.D. Tex. May 12, 2015) .......................................................................................................10

*Ciudadanos Unidos de San Juan v. Hidalgo Cty. Grand Jury Comm'rs*, 622 F.2d
    807 (5th Cir. 1980) ....................................................................................................................4

*Clapper v. Amnesty Int'l USA*, 568 U.S. 398 (2013) ..................................................................2, 6

*Conveyor Aggregate Prods. Corp. v. Benitez*, 2019 U.S. Dist. LEXIS 74559
    (W.D. Tex. Mar. 4, 2019) .........................................................................................................9

*Donovan v. Cunningham*, 716 F.2d 1455 (5th Cir. 1983) ...............................................................4

*Franklin v. Martinez*, No. 22-2137, 2023 U.S. App. LEXIS 20021 (10th Cir. Aug.
    3, 2023) .....................................................................................................................................6

*Franklin v. Massachusetts*, 505 U.S. 788 (1992) (Scalia, J., concurring in part and
    concurring in judgment) ...........................................................................................................6

*Getagadget, L.L.C. v. Jet Creations Inc.*, No. 19-51019, 2022 U.S. App. LEXIS
    8435 (5th Cir. Mar. 30, 2022) .................................................................................................10

*Haaland v. Brackeen*, 599 U.S. 255, 143 S. Ct. 1609 (2023) .........................................................6

*KBR Inc. v. Chevedden*, 776 F. Supp. 2d 415 (S.D. Tex. 2011) .....................................................8

*Moncrief Oil Int'l Inc. v. OAO Gazprom*, 481 F.3d 309 (5th Cir. 2007) ........................................9

*In re MPF Holdings US LLC*, 701 F.3d 449 (5th Cir. 2012) ..........................................................9

*Netflix, Inc. v. Babin*, 88 F.4th 1080 (5th Cir. 2023) ......................................................................4

*O'Neill v. NYU Langone Med. Ctr.*, No. 1:22-CV-0011-SEG, 2023 U.S. Dist.
    LEXIS 68106 (N.D. Ga. Mar. 14, 2023) ..................................................................................8

*Pacific Life Ins. Co. v. Spurgeon*, 319 F. Supp. 2d 1108 (C.D. Cal. 2004) ....................................8

*Speech First, Inc. v. Fenves*, 979 F.3d 319 (5th Cir. 2020) ............................................................5

*Thompson v. Hayes*, 748 F. Supp. 2d 824 (E.D. Tenn. 2010) ....................................................3, 7

*Tory v. Cochran*, 544 U.S. 734 (2005) ...................................................................................7

*Tucker v. Gaddis*, 40 F.4th 289 (5th Cir. 2022) ......................................................................4

*United States v. Antunes-Aguirre*, No. 3:03-CR-351-D(01), 2023 U.S. Dist. LEXIS 189616 (N.D. Tex. Oct. 23, 2023) ..........................................................................6

*United States v. Simpson*, 741 F.3d 539 (5th Cir. 2014) .........................................................3

*United States v. Zepeda*, No. LA CR 07-01441-VBF-3, 2015 U.S. Dist. LEXIS 180201 (C.D. Cal. Oct. 21, 2015) ..........................................................................................6

*Walden v. Fiore*, 571 U.S. 277 (2014) ....................................................................................9

*World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286 (1980) ........................................9

*Wyatt v. Kaplan*, 686 F.2d 276 (5th Cir. 1982) .....................................................................10

**Statutes**

15 U.S.C. § 78aa .........................................................................................................................8

**Other Authorities**

Financial Times, *Norway oil fund boss criticizes ExxonMobil's 'aggressive' climate suit* (Feb. 8, 2024), https://www.ft.com/content/58952fc6-9b52-4e22-8fd5-8c24ddd9f7b2 ..............................................................................................................1

Sec. & Exch. Com., *Shareholder Proposals: Staff Legal Bulletin No. 14L* (CF) (Nov. 3, 2021), https://www.sec.gov/corpfin/staff-legal-bulletin-14l-shareholder-proposals? ....................................................................................................3

**PRELIMINARY STATEMENT**

When it comes to the withdrawn Proposal, Exxon refuses to take "yes" for an answer.[1] The reason why is clear – Exxon wants to use this case to fight a proxy war with the SEC over the SEC's interpretation of its proxy rules. Exxon tells the Court "this case is not about the SEC" (ECF No. 31 at 17 n.7), but it has said something very different in statements to the press about this case: "We hope our suit motivates the SEC to go back to applying the proxy rules as they were written, not as they've been interpreting them over the last few years."[2] Exxon should not be allowed to use the Court and its shareholders as pawns to influence SEC policy where there is no live controversy as required by Article III of the Constitution. The Proposal has been withdrawn, and given commitments made by Arjuna and Follow This not to resubmit the Proposal again, Exxon has no need for any judicial relief concerning the Proposal. This case is moot, and the Complaint must therefore be dismissed.

The Complaint must also be dismissed because Exxon has failed to demonstrate that this Court has personal jurisdiction over the defendants. Section 27 of the Exchange Act does not apply, and Exxon offers no substantive argument otherwise. Nor has Exxon established any other basis for personal jurisdiction.

**ARGUMENT**

**I.    The Case is Moot.**

Exxon concedes it no longer requires the only relief requested in its Complaint – a declaration that it may exclude the now withdrawn Proposal from its 2024 annual statement. But to "keep this dispute alive" (ECF No. 31 at 18), Exxon imagines future scenarios where the

---

[1] Capitalized terms have the same meaning as given in Arjuna's Memorandum in Support of Motion to Dismiss (ECF No. 22-1) unless otherwise defined herein.
[2] Financial Times, *Norway oil fund boss criticizes ExxonMobil's 'aggressive' climate suit*, (Feb. 8, 2024), https://www.ft.com/content/58952fc6-9b52-4e22-8fd5-8c24ddd9f7b2 (last visited Feb. 9, 2024).

1

Proposal, or one "similar," could be resubmitted at some unidentified future point, despite Arjuna's and Follow This's commitment otherwise. Exxon's purported concerns – based on nothing more than conjecture – are insufficient to support Article III standing. Moreover, the "harms" Exxon suggests this Court could still address would fail to support Article III standing in the first place, and the new relief Exxon requests from the Court raises serious constitutional issues. This "dispute" is not "concrete" (ECF No. 31 at 20), but rather quicksand promising to pull the Court and parties down into a quagmire of hypotheticals with the aim of obtaining an advisory opinion to accomplish Exxon's policy aims. The Court should reject Exxon's arguments as insufficient under Article III and dismiss the Complaint as moot.

        A.      <u>There Is No Reasonable Basis to Conclude the Challenged Conduct Will Recur.</u>

To argue against mootness, Exxon purports to have a concern that Arjuna and Follow This would risk further litigation with Exxon by submitting a "substantively identical" proposal at some future point. ECF No. 31 at 14. Clearly, Exxon is not actually concerned, because if it were, it could have easily sought clarification from Arjuna and Follow This. Exxon did not do so, however, opting instead to pocket its "concern" until it was time to oppose the Motion to Dismiss. This type of gamesmanship, however, cannot be employed to defeat mootness. *See Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 416 (2013) (plaintiffs "cannot manufacture standing merely by inflicting harm on themselves based on their fears of hypothetical future harm that is not certainly impending").

Had Exxon sought clarification, Arjuna would have explained that the Proposal, before it was withdrawn, resolves that "Shareholders support the Company, by an advisory vote, to go beyond current plans, further accelerating the pace of emission reductions in the medium-term for its greenhouse gas (GHG) emissions …." App.001. Thus, in Arjuna's and Follow This's view, in committing not to resubmit the Proposal, they agreed not to submit any proposal concerning greenhouse gas emission reductions at Exxon. The challenged conduct here – submitting the

2

Proposal or any "substantively identical" proposal – "could not reasonably be expected" to resume. *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 92 (2013).

In addition, there is no reasonable basis to conclude that Arjuna and Follow This will collaborate with other shareholders to resubmit a "substantively identical" proposal. While Exxon alleges that Arjuna has collaborated with other shareholders in the past, (ECF No. 1, ¶ 64), there is nothing wrong with communicating with others to address issues of importance to shareholders, and those communications and associations are protected by the First Amendment. *See United States v. Simpson*, 741 F.3d 539, 550 (5th Cir. 2014); *Thompson v. Hayes*, 748 F. Supp. 2d 824, 831 (E.D. Tenn. 2010). Moreover, the alleged "collaborations" that Exxon finds so vexing took place before Arjuna and Follow This made their commitment not to resubmit the Proposal, and thus have no bearing on Arjuna's and Follow This's actions going forward. Exxon's insinuation that Arjuna and Follow This would engage in machinations to avoid their commitments is thus based on nothing more than fevered speculation, which is patently insufficient for Article III standing.

Nor should the Court draw any inference that Arjuna and Follow This will continue to engage in any "unlawful behavior" to achieve "unlawful ends" (*Already*, 568 U.S. at 91) based on their prior proposals. There is nothing "unlawful" with shareholders exercising their right under SEC Rules to submit proxy proposals. On the contrary, "[t]his process has become a cornerstone of shareholder engagement on important matters." Sec. & Exch. Com., *Shareholder Proposals: Staff Legal Bulletin No. 14L* (CF) (Nov. 3, 2021).[3] While Exxon accuses Arjuna of submitting proposals regarding greenhouse gas emissions solely to promote a "social agenda," Exxon has trumpeted its own greenhouse gas emissions reduction targets (ECF No. 1, ¶ 46), presumably

---

[3] https://www.sec.gov/corpfin/staff-legal-bulletin-14l-shareholder-proposals? (last visited Feb. 6, 2024)

believing that these efforts are good for business and consistent with fiduciary obligations. That Exxon and Arjuna may differ in their view as to breadth and speed with which those emission reduction efforts should be accomplished does not render Arjuna's efforts somehow "unlawful" or deleterious to Exxon's business. Indeed, Exxon does not argue that the Proposal was subject to exclusion under SEC Rule 14a-8(i)(4), which allows exclusion of proposals that are made "to further a personal interest, which is not shared by other shareholders at large[.]" Moreover, the past proposals filed by Arjuna and Follow This that Exxon maligns in its Complaint have routinely drawn the support of shareholders with billions of dollars in Exxon stock. Even where a proposal fails to garner majority approval, it can serve as an important element of the corporate governance process that provides advice to corporations, encouraging but not requiring companies like Exxon to manage and disclose risks of importance to shareholders.

That Arjuna has lawfully exercised its right in the past to submit proxy proposals is thus not indicative of any "unlawful" or wrongful behavior to come. In any event, Arjuna and Follow This have firmly committed that they will not resubmit the Proposal in any way, shape, or form. Thus, the mere fact that they have submitted proposals prior to making that commitment does not demonstrate a threat of imminent injury in fact necessary for Article III standing. *See Lyons*, 461 U.S. at 102-03 (past actions "do not in themselves amount to that real and immediate threat of injury necessary to make out a case or controversy").[4]

---

[4] In addition, the cases Exxon relies on that analyze whether "systemic" past practices indicate a likelihood of recurrence are inapposite, as those cases did not involve a party who promised not to engage in the challenged conduct in the future, as Arjuna and Follow This have done here. *See* ECF No. 31 at 11-14 (citing *Ciudadanos Unidos de San Juan v. Hidalgo Cty. Grand Jury Comm'rs*, 622 F.2d 807, 820 (5th Cir. 1980) (finding sufficient threat of future injury based on ten years of racial discrimination practiced by jury commissioners; no agreement by jury commissioners to cease challenged conduct); *Tucker v. Gaddis*, 40 F.4th 289, 293 (5th Cir. 2022) (challenge to government conduct not moot where "the government has not even bothered to give Tucker any assurance that it will permanently cease engaging in the very conduct that he challenges"); *Netflix, Inc. v. Babin*, 88 F.4th 1080, 1088 (5th Cir. 2023) (action to enjoin prosecutor from bringing indictment under challenged state statute was not moot where prosecutor expressly reserved the right to bring the same indictment in the future); *Donovan v. Cunningham*, 716 F.2d 1455, 1461 (5th Cir. 1983) (claim for injunction barring defendants from serving as ERISA plan fiduciaries was not moot where defendants

4

B.  Exxon Should Not Benefit from Its Pre-Litigation Subterfuge.

Exxon brazenly argues that "the timing of Defendants' withdrawal – eight days after ExxonMobil filed the complaint – smacks of the sort of 'gamesmanship' that cannot moot a case." ECF No. 31 at 15-16.  Exxon is the only party here, however, playing games.  As Arjuna has explained, Exxon had offered to discuss the Proposal with Arjuna, and the parties scheduled that discussion.  ECF No. 22-1 at 4.  But before that discussion took place and without warning, Exxon filed its Complaint and unilaterally canceled the planned discussion.  *Id.*  Before that point, Exxon had not raised the Ordinary Business Rule or Resubmission Rule as bases for exclusion.  Exxon does not refute these facts or attempt to explain how Arjuna should have withdrawn the Proposal before the litigation that Exxon planned and filed surreptitiously.  Given Exxon's continued machinations and lack of standing, the Court should tell Exxon, the game is up.

C.  Exxon Has Not Identified Any "Effectual Relief" the Court May Award.

Exxon acknowledges the case is moot if there is no effectual relief the Court may award.  ECF No. 31 at 17.  *See also Already*, 568 U.S. at 90 (Article III standing requires "a personal injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief.").  Given that it no longer needs the only relief sought in its Complaint, Exxon attempts to articulate an alternative judgment that the Court could order.  ECF No. 31 at 17.  Exxon's proposed "judgment" is a non-starter, however, because it amounts to an advisory opinion and would result in a prior restraint on speech in violation of the First Amendment.

Exxon suggests the Court may issue a judgment that the Proposal "is excludable" and that "future similar proposals" may be excluded from Exxon's annual statements.  *Id.*  Exxon thus calls

---

refused to agree not to serve as fiduciaries in the future); *Speech First, Inc. v. Fenves*, 979 F.3d 319, 328 (5th Cir. 2020) (changes to University policy did not moot constitutional challenges where there was no evidence the University President's statement that policy would not revert back were controlling on the University)).

5

for an advisory opinion, as the Proposal no longer exists, will not be resubmitted, and thus need not be adjudged to be properly excluded from Exxon's annual statements or anything else. *See Franklin v. Martinez*, No. 22-2137, 2023 U.S. App. LEXIS 20021, at *7-8 (10th Cir. Aug. 3, 2023) (to avoid issuing an advisory opinion, courts must only address cases seeking a "present determination of the issues," which must be directed at "guid[ing] the conduct of the parties in the case, not the (uncertain) future conduct of third parties.") (internal citations and quotations omitted); *United States v. Antunes-Aguirre*, No. 3:03-CR-351-D(01), 2023 U.S. Dist. LEXIS 189616, at *3 (N.D. Tex. Oct. 23, 2023) (citing *United States v. Zepeda*, No. LA CR 07-01441-VBF-3, 2015 U.S. Dist. LEXIS 180201, at *2 (C.D. Cal. Oct. 21, 2015) ("A ruling as to whether it would be appropriate to appoint counsel in connection with a motion that does not exist, would be an advisory opinion.").

Exxon's desire for an opinion on excludability in the abstract is insufficient to confer Article III standing. *See Franklin v. Massachusetts*, 505 U.S. 788, 825 (1992) (Scalia, J., concurring in part and concurring in judgment) ("Redressability requires that the court be able to afford relief *through the exercise of its power*, not through the persuasive or even awe-inspiring effect of the opinion *explaining* the exercise of its power.") (emphasis in original); *Haaland v. Brackeen*, 599 U.S. 255, 143 S. Ct. 1609, 1640 (2023) ("It is a federal court's judgment, not its opinion, that remedies an injury; thus it is the judgment, not the opinion, that demonstrates redressability. The individual petitioners can hope for nothing more than an opinion, so they cannot satisfy Article III."). That Exxon's theory of future "injury" depends on decisions made by independent third parties - other Exxon shareholders – is further reason to reject it. *See Clapper*, 568 U.S. at 413 (noting the Supreme Court has refused to find Article III standing where the

6

alleged impending injury "require[s] guesswork as to how independent decisionmakers will exercise their judgment.").

Exxon next suggests that the Court could issue "effectual relief" by enjoining Arjuna and Follow This from communicating with other Exxon shareholders. ECF No. 31 at 17 (proposing an order that "Defendants may not coordinate with other activist shareholders to facilitate or encourage them to submit similar proposals in the future."). Injunctions of the type Exxon now requests are classic prior restraints on speech which are presumed unconstitutional. *See Tory v. Cochran*, 544 U.S. 734, 738 (2005) (injunction prohibiting defendant from making statements about plaintiff "amounts to an overly broad prior restraint upon speech, lacking plausible justification"). Exxon cannot fix its mootness problem by proposing unconstitutional relief that the Court cannot render. *See Thompson*, 748 F. Supp. 2d at 831 (denying request for injunction to restrict shareholder from communicating with others doing business with the plaintiff, holding that the interest of avoiding harm to the plaintiff's business "cannot override defendant's First Amendment rights."). Exxon's desire to shut down communications between shareholders it disagrees with, however ardent, cannot support Article III standing. There is no real, immediate threat of injury to redress, and Exxon fails to identify any effectual relief the Court may award. Accordingly, Exxon lacks Article III standing, and the Complaint should be dismissed.

## II. Exxon Has Failed to Establish Personal Jurisdiction.

### A. Exxon Ignores the Controlling Language of Section 27 of the Exchange Act.

It may be "black-letter law" (ECF No. 31 at 17) that personal jurisdiction over a defendant with minimum contacts with the United States is satisfied where a statute providing nationwide service of process *is applicable* to a claim. But Exxon puts the cart before the horse in assuming that Section 27 of the Exchange Act applies here. It does not, because by its terms, it applies only to a "suit or action to enforce any liability or duty created by this chapter or rules and regulations

7

thereunder." 15 U.S.C. § 78aa. Exxon mouths the words of the statute, telling the court "ExxonMobil seeks to enforce liabilities and duties owed under the Exchange Act." ECF No. 31 at 19. But Exxon never bothers to identify which "liabilities" and which "duties" it is seeking to enforce, because it cannot. Section 27 does not apply, and Exxon has not alleged any basis for the Court to exercise personal jurisdiction over Arjuna and Follow This.

Furthermore, the Court should not heed Exxon's request to follow the decision in *KBR, Inc. v. Chevedden*, because there the court incorrectly assumed, as does Exxon, that Section 27 applied without examining whether the case involved enforcing a relevant liability or duty. *See KBR Inc. v. Chevedden*, 776 F. Supp. 2d 415, 422 (S.D. Tex. 2011) ("Because the Exchange Act authorizes nationwide service, the only issue is whether Chevedden has sufficient minimum contacts with the United States.").[5] Nor does Exxon offer any substantive rebuttal to the decision in *Pacific Life*, which analyzed whether Section 27 applied to a declaratory judgment action similar to Exxon's and concluded that it did not. *See Pacific Life Ins. Co. v. Spurgeon*, 319 F. Supp. 2d 1108, 1112–13 (C.D. Cal. 2004). As Exxon is not seeking to enforce any relevant liability or duty, it has not carried its burden to show Section 27 confers personal jurisdiction here.

B.  Exxon's "Alternative" Personal Jurisdiction Theory Should Be Rejected.

Exxon's proposed alternative to Section 27 – the Texas long-arm statute – is not properly before the Court because Exxon failed to allege it in their Complaint but rather only raised it for the first time in their Opposition. *See O'Neill v. NYU Langone Med. Ctr.*, No. 1:22-CV-0011-

---

[5] Exxon incorrectly states that the *KBR* decision on personal jurisdiction was affirmed by the Fifth Circuit. ECF No. 31 at 19. The plaintiff did not appeal the trial court's denial of his motion to dismiss for lack of personal jurisdiction. Rather, the plaintiff appealed the denial of his motion for reconsideration following the trial court's granting of KBR's motion for summary judgment, which was not based on personal jurisdiction. Thus the Fifth Circuit was not presented with, and did not address, the personal jurisdiction question. *See KBR v. Chevedden*, 478 Fed. Appx 213, 214 (5th Cir. 2012) ("Chevedden argues (1) that § 14(a) does not create a private right of action; and (2) that the dispute lacks sufficient immediacy and reality to be a justiciable dispute under the Declaratory Judgment Act, 28 U.S.C. § 2201. We affirm.").

SEG, 2023 U.S. Dist. LEXIS 68106, at *25 (N.D. Ga. Mar. 14, 2023).  In any event, Exxon does not allege any facts that establish personal jurisdiction under the Texas long-arm statute.  A court "may have specific personal jurisdiction if the nonresident defendant has certain minimum contacts with the forum state, the controversy arises out of those contacts, and the exercise of jurisdiction is reasonable."  *Conveyor Aggregate Prods. Corp. v. Benitez*, 2019 U.S. Dist. LEXIS 74559, at *7-8 (W.D. Tex. Mar. 4, 2019) (the focus is on "the defendant's contacts with the forum State itself, not the defendant's contacts with persons who reside there.").  To have minimum contacts, the defendant's "conduct and connection with the forum State [must be] such that he should reasonably anticipate being haled into court there."  *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980).

Exxon, however, alleges no facts in its Complaint to demonstrate that Arjuna had "suit-related" contacts that created a "substantial connection" with Texas.  *See Walden v. Fiore*, 571 U.S. 277, 284 (2014).  At most, Exxon alleges Arjuna sent Exxon a letter with the Proposal, asking the Court to assume the letter was received in Texas since Exxon is headquartered there.  *See* ECF No. 1, ¶ 66.  In any event, sending correspondence to a resident of Texas is not sufficient to subject a nonresident to the Court's jurisdiction.  *See Moncrief Oil Int'l Inc. v. OAO Gazprom*, 481 F.3d 309, 312 (5th Cir. 2007) ("An exchange of communications in the course of developing and carrying out a contract also does not, by itself, constitute the required purposeful availment of the benefits and protections of Texas law. Otherwise, jurisdiction could be exercised based only on the fortuity that one of the parties happens to reside in the forum state.").  Because Exxon has not carried its burden to prove personal jurisdiction, the Complaint should be dismissed.

### III.  Exxon is Not Entitled to Jurisdictional Discovery.

There is no "disputed fact" relevant to subject matter jurisdiction justifying discovery.  *See In re MPF Holdings US LLC*, 701 F.3d 449, 457 (5th Cir. 2012) ("[S]ome jurisdictional discovery

may be warranted if the issue of subject matter jurisdiction turns on a disputed fact."). As noted *supra* section I.A., Arjuna's and Follow This's past communications with other Exxon shareholders and organizations are irrelevant given that Arjuna and Follow This have now committed not to resubmit the Proposal. The same is true for plans for "future proposals to ExxonMobil" made before the commitment not to resubmit the Proposal. The *Unite Here* decision is thus inapposite, as in that case the shareholder refused to agree to forego resubmitting the challenged proposal in future years. *See Ashford Inc. v. Unite Here*, No. 3:15-cv-0262-M, 2015 U.S. Dist. LEXIS 179792 (N.D. Tex. May 12, 2015); No. 3:15-cv-0262-M, ECF No. 18 (filed May 4, 2015) at 3 (opposing party noting that "Unite Here has refused to agree not to submit the proposal … in future years."). Exxon should not be permitted to engage in a baseless fishing expedition intended to silence and subvert activities protected by the First Amendment.

Exxon has also failed to make a "preliminary showing of [personal] jurisdiction" necessary to justify discovery. *See Getagadget, L.L.C. v. Jet Creations Inc.*, No. 19-51019, 2022 U.S. App. LEXIS 8435, at *13 (5th Cir. Mar. 30, 2022). Exxon's best and only argument is that its shareholders submitted proposals to Exxon, and Exxon is located in Texas. That is patently insufficient to demonstrate personal jurisdiction (*supra*, section II.B.), and no amount of discovery can revive Exxon's legally deficient theory. *See Wyatt v. Kaplan*, 686 F.2d 276, 284 (5th Cir. 1982) ("When the lack of personal jurisdiction is clear, discovery would serve no purpose and should not be permitted."); *Getagadget, L.L.C.*, 2022 U.S. App. LEXIS 8435, at *17 ("With no obvious substantial connection alleged in this case, the district court was not required to authorize a fishing expedition[.]"). Exxon's request for discovery should therefore be denied.

## CONCLUSION

For the foregoing reasons, Arjuna respectfully requests that the Court dismiss the Complaint in its entirety.

10

ARJUNA CAPITAL, LLC, Defendant

By Its Attorneys,

March 6, 2024

*s/ Matthew E. Miller*
Matthew E. Miller
MA Bar. No. 655544
(*pro hac vice*)
Foley Hoag LLP
Seaport World Trade Center West
155 Seaport Boulevard
Boston, MA 02210
Tel: (617) 832-1000
Email: mmiller@foleyhaog.com

Veronica M. Renzi
DC Bar No. 371654
(*pro hac vice*)
Foley Hoag LLP
1717 K Street NW
Washington, DC 20006
Tel: (202) 223-1200
Email: vrenzi@foleyhoag.com

Ross Mortillaro
State Bar No. 24027531
Email: ross.mortillaro@stinson.com
Zachary Ford
State Bar No. 24116373
Email: zach.ford@stinson.com
Stinson LLP
2200 Ross Avenue
Dallas, TX 75201
Tel: (214) 560-2224

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 6 day of March, 2024, a true and correct copy of the above and foregoing document has been served upon all counsel in accordance with the Federal Rules of Civil Procedure.

*s/ Matthew E. Miller*