UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**EXXON MOBIL CORPORATION,**

   Plaintiff,

v.                                         No. 4:24-cv-00069-P

**ARJUNA CAPITAL, LLC, ET AL.,**

   Defendants.

## ORDER

As noted in the Court's ruling on Defendants' Rule 12(b)(1) motions, this case seems ill at home in Fort Worth. *See* ECF No. 37 at 20–21. If it was 2022 or 2023, the case would implicate this District's Dallas Division. *See* ECF No. 1 at 7 (noting Exxon's former HQ was in Irving). But Exxon moved its HQ to Spring, which is in the Houston Division of the Southern District of Texas. *See id.* Either way, Fort Worth seems like an odd fit. The Court may transfer a case "to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Transfer is proper if it serves "the convenience of parties and witnesses, in the interest of justice." *Id.* Yet a plaintiff's chosen venue should be respected unless the transferee venue is "clearly more convenient." *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008). Accordingly, the Court **ORDERS** the Parties to submit briefing regarding transfer to the Dallas Division of the Northern District of Texas or the Houston Division of the Southern District of Texas. Each party shall submit one brief, <u>not exceeding ten pages</u>, outlining their position on the propriety of such transfer, **on or before 12:00 p.m. (CDT) on Friday, May 24, 2024**. If the Parties confer and find their positions are identical, they may submit a joint filing articulating their position.

**SO ORDERED** on this **22nd day** of **May 2024.**

_____
MARK T. PITTMAN
UNITED STATES DISTRICT JUDGE