**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| EXXON MOBIL CORPORATION, | § § § | |
| Plaintiff | § § | |
| v. | § § | No. 4:24-cv-00069-P |
| ARJUNA CAPITAL, LLC and FOLLOW THIS, | § § § | |
| Defendants. | § § § | |

**ARJUNA CAPITAL, LLC'S BRIEF IN RESPONSE TO MAY 28, 2024 ORDER**

Exxon Mobil Corporation ("Exxon") really, *really* wants this Court to issue an opinion interpreting certain SEC Rules regarding a shareholder proposal (the "Proposal") filed by Arjuna Capital, LLC ("Arjuna"). The problem for Exxon, however, is that Arjuna has withdrawn the Proposal and broadly agreed not to refile the Proposal, *or any remotely similar proposal*, in the future. In short, there is and will be no proposal by Arjuna, now or in the future, for the Court to address by declaratory judgment. But Exxon now says the case should be kept alive because other parties not before the Court may do something in the future that Exxon will not like. Indeed, Exxon goes so far as to suggest that the Court should issue an opinion against Arjuna as a proxy that Exxon could use to preclude the actions of other shareholders not before the Court. ECF No. 43 at 9. Exxon, however, fails to reckon with the fundamental principle that "[i]t is a federal court's judgment, not its opinion, that remedies an injury. [Where] individual petitioners can hope for nothing more than an opinion, [ ] they cannot satisfy Article III." *Haaland v. Brackeen*, 599 U.S. 255, 294 (2023). Because Exxon asks only for an opinion, this case must be dismissed as moot.

## ARGUMENT

On May 22, 2024, the Court ruled that Arjuna's January 29, 2024 withdrawal of the Proposal and promise not to resubmit it in the future (ECF No. 22-2 at App.030) did not render the case moot, because "as worded" the withdrawal did not provide "absolute clarity" that Arjuna would not refile a substantially similar proposal again. ECF No. 37 at 8 ("As worded, Arjuna's letter allows Defendants to take the 2024 Proposal, add an Oxford comma here, shorten a sentence there, and submit the results anew for Exxon's shareholders."). Because the Court interpreted Arjuna's letter as leaving the door open to Arjuna resubmitting a substantially similar proposal, the Court reasoned that a declaratory judgment as to the Proposal could "still offer Exxon 'effectual relief.'" *Id.* at 10 n.7 (quoting *City of Erie v. Pap's A.M.*, 529 U.S. 277, 287 (2000)).

That door has now not only been closed but sealed shut. In a May 27, 2024 letter, Arjuna provided in the broadest possible terms a covenant to forego not only filing something substantially similar to the Proposal in the future, but also any proposal dealing with greenhouse gas emissions ("GHG") or climate change:

> Arjuna hereby unconditionally and irrevocably covenants to refrain henceforth from submitting any proposal for consideration by Exxon shareholders relating to GHG or climate change.

ECF No. 41-1 ("May 27 Letter").

Exxon will thus never receive anything resembling the Proposal from Arjuna. The case is therefore moot. Yet through unfounded legal arguments and factual misrepresentations, Exxon seeks to artificially resurrect its claim to obtain the advisory opinion it has wanted from the start. For the reasons stated below, Exxon's arguments are unavailing, and the case must be dismissed.

A. Exxon's Imagined Loopholes Do Not Defeat Mootness.

Exxon takes a myopic view of the May 27 Letter, finding loopholes where none exist to create the appearance of some effectual relief the Court could order as to Arjuna. First, Exxon bizarrely argues that Arjuna could still submit the Proposal again notwithstanding the May 27 Letter, because Arjuna could do so "as a representative of an ExxonMobil shareholder, like Arjuna did when it submitted the 2024 Proposal on behalf of two clients[.]" ECF No. 43 at 5. This argument is difficult to follow, because as Exxon acknowledges, Arjuna submitted the Proposal as a shareholder representative in the first place. In any event, Arjuna's May 27 Letter does not carve out any exclusion based on the status of Arjuna – as a shareholder or a shareholder representative – when submitting a proposal. Rather, it broadly precludes Arjuna from submitting any proposal concerning GHG or climate change in whatever capacity. ECF No. 41-1; *see also* 17 CFR § 240.14a-8 (b) (SEC rule regarding shareholder proposals provides that both shareholders and their representatives may "submit" proposals for inclusion in a proxy statement). Exxon might as well

argue that Arjuna could resubmit the Proposal on a Monday because the May 27 Letter does not specifically state that Monday submissions are off-limits. But it does not need to because it broadly proclaims that Arjuna will never again file any proposals concerning GHG or climate change.

Tacitly conceding that the May 27 Letter precludes Arjuna from submitting anything remotely similar to the Proposal, Exxon next argues that the May 27 Letter did not foreclose the possibility of Arjuna "working behind the scenes" to help other shareholders resubmit the Proposal in the future. The Court did not credit this fanciful argument when Exxon made it in opposition to Arjuna's motion to dismiss (ECF No. 31 at 17) (arguing the court could award "effectual relief" ordering that "Defendants may not coordinate with other activist shareholders …"), and it should continue to reject it now. While Exxon has relied on conspiracy theories to explain away investors' interests in addressing climate change risk, Exxon does not contest that shareholders have a First Amendment right to discuss matters of common interest and import. *See* ECF No. 35 at 7. Courts steer clear of entering the type of declaratory relief that Exxon requests that could invade First Amendment rights. *Id.*

In any event, Exxon's assertion that Arjuna will "work behind the scenes" with other investors to resubmit the Proposal is unmoored from reality. Exxon points to no evidence that any shareholder intends to resubmit the Proposal. And even entertaining Exxon's pure speculation that other shareholders will want to resubmit the Proposal, they would not require Arjuna's assistance to do so, rendering an order precluding such activity meaningless. At bottom, Exxon's conspiracy theory is the type of speculative harm that is patently insufficient to confer Article III standing. *See Bauer v. Texas*, 341 F.3d 352, 358 (5th Cir. 2003) ("the continuing controversy may not be conjectural, hypothetical, or contingent; it must be real and immediate, and create a definite, rather than speculative threat of future injury").

B.  Exxon's Desire for an Opinion With "Preclusive Effect" is Patently Insufficient.

Exxon admits that it refuses to accept the May 27 Letter because Exxon will not be able to "put [it] to preclusive use in the future."  ECF No. 43 at 7; *see also id.* at 9 (there is no guarantee that 'Exxon won't see the proposal again' from another shareholder[.]").  However, that a "decision might persuade actors who are not before the court" does not save a claim from mootness, as that would violate "Article III's strict prohibition on 'issuing advisory opinions.'" *Haaland*, 143 S. Ct. at 1639-40.  *See also Franklin v. Massachusetts*, 505 U. S. 788, 825 (1992) ("Redressability requires that the court be able to afford relief through the exercise of its power, not through the persuasive or even awe-inspiring effect of the opinion explaining the exercise of its power.") (Scalia, J. concurring).  Thus, "in a mootness inquiry in the declaratory judgment context, it is critically important to determine whether the plaintiff has named, as defendants, individuals or entities that are actually situated to have their future conduct toward the plaintiff altered by the court's declaration of rights."  *Jordan v. Sosa*, 654 F.3d 1012, 1026 (10th Cir. 2011).

Given Arjuna's broad commitment not to resubmit anything remotely resembling the Proposal, no order is required to alter Arjuna's future conduct.  Exxon's claim is not redressable by an order as to Arjuna, and is thus moot.  *Id.*  ("A declaratory judgment that merely seeks to affect the (uncertain) future conduct of third parties—who are not named in a plaintiff's complaint—would involve the very sort of speculative, 'hypothetical' factual scenario that would render such a judgment a prohibited advisory opinion.").  *See also Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992) (a "plaintiff's injury has to be fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court.") (internal quotation marks and citation omitted); *Already, LLC v. Nike Inc.*, 568 U.S. 85, 90 (2013)

-4-

(Article III standing requires "a personal injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief.").

While Exxon contends that the May 27 Letter does not moot the case because it is unilateral, the Supreme Court has long recognized that a party may moot a case through unilateral action. *See Campbell-Ewald Co. v. Gomez*, 577 U.S. 153, 179-80 (2016) ("this Court has long held that when a defendant unilaterally remedies the injuries of the plaintiff, the case is moot—even if the plaintiff disagrees and refuses to settle the dispute, and even if the defendant continues to deny liability.") (Roberts, CJ, dissenting). Likewise, Exxon's reliance on *Already* for the proposition that unilateral action must come in the form of a dismissal with prejudice to moot a case is misplaced. ECF No. 43 at 7. In *Already*, it was not Nike's dismissal with prejudice of the claim it had already brought, but rather its broad promise not to bring any *similar future claims*, that rendered the case moot. *See Already*, 568 U.S. at 94 (holding Nike's covenant not to sue addressed the risk of future harm, noting "it is hard to imagine a scenario that would potentially infringe [Nike's trademark] and yet not fall under the Covenant.") (internal quotation marks and citations omitted). And "having taken the position in court that there is no prospect of such a shoe [that would violate Nike's trademark but fall outside its covenant not to sue], [Nike] would be hard pressed to assert the contrary down the road." *Id.* So too here – Arjuna's broad covenant not to file any similar proposals with Exxon forecloses the need to issue any order as to Arjuna.[1]

C. Exxon Deploys Falsehoods to Create the Appearance of Controversy.

Finally, attempting to create the appearance of a case or controversy, Exxon has made false statements of fact regarding Arjuna that should not be countenanced. Exxon has represented to

---

[1] Additionally, if a dismissal with prejudice were required to moot a case, no declaratory judgment action would ever be dismissed as moot based on *the defendant's* voluntary cessation of conduct. That is not the law.

the Court that Arjuna has been "working with activist organizations of which they are a member to call on shareholders to vote against ExxonMobil's directors. Engaging in such conduct, even after withdrawing their Proposal and claiming they will not resubmit it, undermines Arjuna's assertion that this case is moot." ECF No. 43 at 3. This assertion is categorically false, and Exxon had no good faith basis on which to make it. Exxon should withdraw this statement or face Rule 11 sanctions. *See* Fed. R. Civ. P. 11(b) (1); *Marlin v. Moody Nat. Bank, N.A.*, 533 F.3d 374, 380 (5th Cir. 2008).

Exxon's mischaracterizations did not stop there. Exxon also falsely states that Arjuna "continues to defend" the Proposal. ECF No. 43 at 4. Rather than providing evidence of Arjuna "defending the Proposal," Exxon cites to Arjuna's criticism of Exxon's decision to sue its own investors. *See* ECF No. 43 at 4-5. As Exxon surely understands, critiquing Exxon's failures of corporate governance for suing its own shareholders is a far cry from "continuing to defend" the Proposal. Moreover, Exxon's argument is devoid of any legal support, as the cases it relies on for the proposition that a claim is not moot where a party "continues to defend" the challenged activity did not involve a party promising to forego the challenged activity. *See, e.g., Parents Involved in Cmty. Sch. v. Seattle Sch. Dist. No. 1*, 551 U.S. 701, 708 (2007) ("The fact that Seattle has ceased using the racial tiebreaker pending the outcome here is not dispositive, since the district vigorously defends its program's constitutionality, and ***nowhere suggests that it will not resume using race to assign students if it prevails***.") (emphasis added). In any event, courts do not require that a party experience a change of heart to find mootness. *See, e.g., Already*, 568 U.S. at 88 (Nike did not need to concede that its trademark was invalid to moot the case). Accordingly, the case is moot and should be dismissed.

Respectfully submitted,

ARJUNA CAPITAL, LLC, Defendant

By Its Attorneys,

*s/ Matthew E. Miller*
Matthew E. Miller
MA Bar. No. 655544
(*pro hac vice*)
Foley Hoag LLP
Seaport World Trade Center West
155 Seaport Boulevard
Boston, MA 02210
Tel: (617) 832-1000
Email: mmiller@foleyhoag.com

Veronica M. Renzi
DC Bar No. 371654
(*pro hac vice*)
Foley Hoag LLP
1717 K Street NW
Washington, DC 20006
Tel: (202) 223-1200
Email: vrenzi@foleyhoag.com

Ross Mortillaro
State Bar No. 24027531
Email: ross.mortillaro@stinson.com
Zachary Ford
State Bar No. 24116373
Email: zach.ford@stinson.com
Stinson LLP
2200 Ross Avenue
Dallas, TX 75201
Tel: (214) 560-2224

June 5, 2024

-8-

## **CERTIFICATE OF SERVICE**

      I hereby certify that on this 5th day of June, 2024, a true and correct copy of the above and foregoing document has been served upon all counsel in accordance with the Federal Rules of Civil Procedure.

                                          *s/ Matthew E. Miller*