UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**EXXON MOBIL CORPORATION,**

   Plaintiff,

v.                                       **No. 4:24-cv-00069-P**

**ARJUNA CAPITAL, LLC, ET AL.,**

   Defendants.

# ORDER

On May 28, the Court ordered the Parties to submit briefing regarding the jurisdictional viability of Exxon's claim. *See* ECF No. 42. The Court specifically asked the Parties to address Arjuna's latest pledge not to file proposals related to climate change for consideration by Exxon's shareholders. *See id.* The Parties filed briefs articulating their positions. *See* ECF Nos. 43, 46. As the Court has stressed, federal courts require "a present, live controversy" to "avoid advisory opinions on abstract propositions of law." *Hall v. Beals*, 396 U.S. 45, 48 (1969); *see also Thomas v. Union Carbide Agr. Prods. Co.*, 473 U.S. 568, 580–81 (1985) (noting claims are not ripe for adjudication if reliant upon "contingent future events that may not occur as anticipated, or indeed may not occur at all.") (quoting C. Wright, A. Miller, & E. Cooper, FEDERAL PRACTICE & PROCEDURE § 3532 (1984)). This can get fuzzy when, as here, a party seeks declaratory judgment. *See* ECF No. 1; *see generally Haaland v. Brackeen*, 599 U.S. 255, 294 (2023).

The Court hereby informs the Parties that it construes their latest filings as renewed briefing on Arjuna's Motion to Dismiss. *See* ECF No. 22; *see generally* FED. R. CIV. P. 12(b)(1). To determine the viability of Exxon's claim under prevailing precedents, the Court hereby **SETS** the renewed motion for a **HEARING** to be conducted on **Monday, June 17, 2024**, at **10:00 a.m.**, in the <u>fourth-floor courtroom of the Eldon B. Mahon Federal Courthouse in Fort Worth, Texas.</u> No further briefing is

required, and the Court asks the Parties to constrain arguments to the issues addressed in their latest briefs. ECF Nos. 43, 46.

The Court recognizes the tight turnaround required by this Order but believes the interests of justice require prompt resolution of this matter. Moreover, the Fifth Circuit has recently admonished this Court for not moving its docket "promptly." *See In re Fort Worth Chamber of Com.*, 100 F.4th 528, 535 (5th Cir. 2024). (granting mandamus when the Court did not rule on a preliminary injunction pending for six business days concerning a regulation to go into effect two months later). At base, federal courts are duty-bound to determine jurisdiction before turning to a claim's merits. *United States v. Rodriguez*, 33 F.4th 807, 811 (5th Cir. 2022); *see also Umphress v. Hall*, 500 F. Supp. 3d 553, 565 (N.D. Tex. 2020) (Pittman, J.). This case has been ongoing since January and the Court is still considering this threshold issue. *See* ECF No. 1. If Arjuna's right, it has a strong interest in dismissal of Exxon's claim as soon as possible. If Exxon's right, both it and its shareholders deserve prompt resolution of this case on the merits, rather than continued delays stemming from a preliminary jurisdictional analysis.

**SO ORDERED** on this **7th day** of **June 2024.**

*[signature: Mark T. Pittman]*

MARK T. PITTMAN
UNITED STATES DISTRICT JUDGE

2