IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| EXXON MOBIL CORPORATION, § § § § § § § § § § § | |
| Plaintiff | |
| v. | Civil Action No. 4:24-cv-00069-P |
| ARJUNA CAPITAL, LLC and FOLLOW THIS, | |
| Defendants. | |

**PLAINTIFF'S REPLY BRIEF ADDRESSING MOOTNESS
FOLLOWING ARJUNA'S MAY 27, 2024, LETTER**

Exxon Mobil Corporation ("ExxonMobil") respectfully files this short reply to Arjuna Capital, LLC's Brief in Response, ECF 46 ("Response"), to this Court's May 28, 2024, order to clarify two points.

**Point 1:** Arjuna challenges the possibility of it "working behind the scenes" with other activist organizations to submit the 2024 Proposal or a similar version in the future, calling the notion "fanciful." ECF 46 at 4. Yet it is undisputed that Arjuna is a member of activist organizations like ICCR, whose core mission is to coordinate collective action by shareholders to submit shareholder proposals. *See* ECF 31 at 11 (citing ICCR's calculation that its members submit close to 500 shareholder proposals per year). As it did again this year with Follow This, Arjuna has a long history of collaborating with other activists to design and submit shareholder proposals.[1] And ExxonMobil is not alone in raising concerns about Arjuna's pattern of colluding with other

---

[1] *See Arjuna Capital & As You Sow Statement on ExxonMobil Silencing of Shareholder Resolution on Carbon Asset Transition*, Arjuna Capital, https://arjuna-capital.com/archive/news/arjuna-capital-as-you-sow-statement-on-exxonmobil-silencing-of-shareholder-resolution-on-carbon-asset-transition?rq=exxonmobil%20as%20%20you%20sow (last visited June, 7, 2024).

activists. Indeed, the United States House of Representatives Committee on the Judiciary has sent a subpoena to Arjuna in regard to its role in potential collusion with other organizations in ways that may violate U.S. antitrust law.[2] And ExxonMobil understands that Arjuna is expected to appear on June 12, 2024, at a hearing on this subject convened by the House Judiciary Committee's Subcommittee on the Administrative State, Regulatory Reform, and Antitrust.[3]

**Point 2**: Arjuna asserts that ExxonMobil is taking a "myopic view" of Arjuna's renewed commitment not to resubmit the 2024 Proposal.[4] ECF 46 at 3. That is wrong. ExxonMobil has legitimate concerns about the meaning of Arjuna's unilateral commitment to refrain from "submitting" to ExxonMobil any proposal relating to GHG or climate change. Although ExxonMobil assumes that Arjuna intends the broadest meaning of the term "submitting," certainty around what Arjuna means is necessary to ensure that its promise is not illusory.

For context, it is important to note that Arjuna is not a shareholder of ExxonMobil, so it is not eligible to submit a shareholder proposal on its own behalf under SEC Rule 14a-8(b)(i). Rather, for each of the past 10 years, Arjuna has acted as a *representative* of an ExxonMobil shareholder in regard to a shareholder proposal, including with respect to the 2024 Proposal. Such a distinction may appear to be technical but it is a critical issue that the SEC has grappled with repeatedly in responding to no-action requests regarding shareholder proposals. Under SEC Rule 14a-8,

---

[2] *See* Letter from Rep. Jim Jordan to counsel for Arjuna Capital, December 11, 2023, https://judiciary.house.gov/sites/evo-subsites/republicans-judiciary.house.gov/files/evo-media-document/2023-12-11-jdj-to-arjuna-re-subpoena.pdf (last visited June 7, 2024).

[3] *See* U.S. House of Representatives, Judiciary Subcommittee on the Administrative State, Regulatory Reform, and Antitrust, "Climate Control: Decarbonization Collusion in Environmental, Social, and Governance (ESG) Investing," https://judiciary.house.gov/committee-activity/hearings/climate-control-decarbonization-collusion-environmental-social-and-0 (last visited Jun. 7, 2024) (hearing scheduled for Wednesday, June 12, 2024, at 10:30 AM in Rm. 2154, Rayburn House Office Building).

[4] Capitalized terms not defined in this reply have the same meaning as in ExxonMobil's Opposition to Defendants' Motions to Dismiss, ECF 31, and ExxonMobil's Brief Addressing Mootness Following Arjuna's May 27, 2024, Letter, ECF 43.

shareholders can submit to a company no more than one proposal for a particular annual shareholders meeting. 17 CFR § 240.14a-8. The current SEC leadership interprets "submit" very narrowly—essentially akin to the technical transmission of a proposal.[5] As a result, a person can act as the named representative of multiple proposals submitted for an annual shareholders meeting, provided that the person is not the one that actually transmits the proposals to the company. *See* Procedural Requirements & Resubmission Thresholds Under Exch. Act Rule 14a-8, 2020 WL 5763382, SEC Release No. 34-89964, at 59-60 (Sept. 23, 2020).

This creates doubt as to whether Arjuna is agreeing to never *directly* "submit" a proposal on its own behalf, or whether it is also agreeing to not act *indirectly* as the representative of a proposal submitted by someone else or as a member of a group. Thus, the scope and meaning of Arjuna's commitment to refrain from submitting a proposal is critical. And that is one reason why it is important for ExxonMobil to obtain a clear and binding order that the Court can enforce to prevent Arjuna from submitting, directly or indirectly, a proposal that violates its commitment—whether through a stipulated judgment or a ruling from the Court. Arjuna's latest promise therefore still falls short of satisfying its heavy burden to show with "absolute certainty" that ExxonMobil will not see another proposal like the 2024 Proposal in the future. *Speech First, Inc. v. Fenves*, 979 F.3d 319, 329 (5th Cir. 2020).

\* \* \*

---

[5] *Compare* Bank of Am. Corp., SEC Staff No-Action Letter, 2021 WL 6063311 (Mar. 1, 2022) (SEC granted no-action relief when a person submitted a proposal on its own behalf as a shareholder and also transmitted, by email, a second proposal where it served as a representative); *and* Baxter Int'l Inc., SEC Staff No-Action Letter, 2021 WL 5783270 (Jan. 12, 2022) (SEC denied no-action relief when a person submitted a letter on its own behalf as a shareholder and also transmitted, by email, a second proposal where it served as representative. However, the person cured the deficiency once it was removed as representative.); *with* IQVIA Holdings Inc., SEC Staff No-Action Letter, 2021 WL 5447327 (Jan. 12, 2022) (SEC denied no-action relief when a person submitted a proposal on its own behalf as a shareholder while also serving as the representative of a second proposal that was transmitted, by email, by the shareholder for the second proposal).

For the foregoing reasons and those explained in ExxonMobil's Brief Addressing Mootness Following Arjuna's May 27, 2024, Letter, ECF 43, this Court has subject-matter jurisdiction.

Dated: June 7, 2024

Mark W. Rasmussen
Texas State Bar No. 24086291
Jonathan D. Guynn
Texas State Bar No. 24120232
JONES DAY
2727 North Harwood Street
Dallas, TX 75201-1515
Telephone: +1.214.220.3939
Facsimile: +1.214.969.5100
E-mail: mrasmussen@jonesday.com
E-mail: jguynn@jonesday.com

Noel J. Francisco (*pro hac vice*)
D.C. Bar No. 464752
Brett A. Shumate (*pro hac vice*)
D.C. Bar No. 974673
Megan Lacy Owen
D.C. Bar No. 1007688
JONES DAY
51 Louisiana Avenue, N.W.
Washington, D.C. 20001-2113
Telephone: +1.202.879.3939
Facsimile: +1.602.626.1700
E-mail: njfrancisco@jonesday.com
E-mail: bshumate@jonesday.com
E-mail: mlacyowen@jonesday.com

Respectfully submitted,

*/s/ Ralph H. Duggins*
Ralph H. Duggins
Texas State Bar No. 06183700
Scott Fredricks
Texas State Bar No. 24012657
CANTEY HANGER LLP
600 W. 6th Street, Suite 300
Fort Worth, Texas 76102
Telephone: +1.817.877.2824
E-mail: rduggins@canteyhanger.com
E-mail: sfredricks@canteyhanger.com

David Woodcock
Texas State Bar No. 24028140
Hon. Gregg J. Costa
Texas State Bar No. 24028160
GIBSON, DUNN & CRUTCHER
2001 Ross Avenue, Suite 2100
Dallas, TX 75201-2923
Telephone: +1.214.698.3211
Facsimile: +1.214.571.2914
E-mail: dwoodcock@gibsondunn.com
E-mail: gcosta@gibsondunn.com

ATTORNEYS FOR PLAINTIFF

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 7, 2024, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which caused service to be made upon all counsel of record.

*/s/ Scott A. Fredricks*
Scott A. Fredricks