UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**EXXON MOBIL CORPORATION,**

   Plaintiff,

v.                                                            No. 4:24-cv-00069-P

**ARJUNA CAPITAL, LLC, ET AL.,**

   Defendants.

## ORDER

Before the Court are the Parties' filings on mootness, which the Court construes as renewed motion-to-dismiss briefing. *See* ECF Nos. 43, 46, 50. Having considered the briefs, arguments of counsel at today's hearing, and applicable legal authorities, the Court concludes Exxon's claim is **MOOT** and **DISMISSES** this action **without prejudice.**

## BACKGROUND

Exxon sued Arjuna regarding a shareholder proposal related to Exxon's greenhouse gas ("GHG") emissions and its alleged contributions to anthropogenic climate change. In doing so, Exxon sought a declaration that it could exclude the vexatious proposal under Rule 14a-8(i)(7), (12) of the Exchange Act. Arjuna withdrew the contested proposal and moved to dismiss Exxon's lawsuit. The Court denied Arjuna's motion because the proposal's withdrawal didn't foreclose the same conduct moving forward. So, Arjuna "unconditionally and irrevocably" promised to stop submitting similar proposals. Exxon argued Arjuna was untrustworthy and the scope of its promise was unclear. So, Arjuna explained that its promise forecloses even the remotest chance of another proposal regarding Exxon's GHG emissions. The Court conducted a hearing today, June 17, 2024, to determine whether Arjuna's covenant moots Exxon's claim. This case's procedural and factual history is otherwise documented in previous orders.

## LEGAL STANDARD

As courts of limited jurisdiction, federal courts "possess only that power authorized by the Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "A court must have the power to decide the claim before it (subject-matter jurisdiction) and power over the parties before it (personal jurisdiction) before it can resolve a case." *Lightfoot v. Cendant Mortg. Corp.*, 580 U.S. 82, 95 (2017). Standing is a key element of subject-matter jurisdiction. *Ortiz v. Am. Airlines, Inc.*, 5 F.4th 622, 627 (5th Cir. 2021). In this regard, standing "is not merely a troublesome hurdle to be overcome if possible so as to reach the 'merits' of a lawsuit; . . . it is part of the basic charter promulgated by the Framers of the Constitution at Philadelphia." *Valley Forge Christian Coll. v. Ams. United for Separation of Church & State, Inc.*, 454 U.S. 464, 476 (1982).

To establish standing, there must be an "actual, ongoing contovers[y]." *Honig v. Doe*, 484 U.S. 305, 317 (1988). Courts use the familiar *Lujan* framework to ensure there is. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 559–60 (1992) (requiring (1) an injury in fact that is (2) causally connected to a defendant and (3) likely to be redressed by a favorable decision). Standing erodes when a case is mooted. *Friends of the Earth, Inc. v. Laidlaw Envt'l. Servs., Inc.*, 528 U.S. 167, 189 (2000). "So if a plaintiff's stake in a lawsuit falls away, so too does our subject-matter jurisdiction." *Shemwell v. City of McKinney, Tex.*, 63 F.4th 480, 483 (5th Cir. 2023). Otherwise, any decision on a case's merits is advisory. *See Carney v. Adams*, 592 U.S. 53, 64 (2020). And federal courts cannot issue advisory opinions. *Id.*

## ANALYSIS

The Parties' dispute is straightforward. In first ruling on Defendants' motions to dismiss, the Court noted a broader stipulation like those in *Already, LLC v. Nike, Inc.*, 568 U.S. 85 (2013) and *Acheson Hotels, LLC v. Laufer*, 600 U.S. 1 (2023) would moot Exxon's claim. *See* ECF No. 37 at 9–11. But, as the Order observed, "it's a roll of the dice: on one hand, it evades suit, on the other, a declaratory judgment may prove favorable for Defendants." *Id.* at 11. Arjuna rolled the dice. And while the Court

sympathizes with Exxon's predicament, its hands are tied by the Constitution. *See* U.S. CONST. art. III, § 2 (limiting federal jurisdiction to "cases" and "controversies"). Exxon can only sue Arjuna if there's an "actual, ongoing controvers[y]" between them. *Honig*, 484 U.S. at 317. While one remained despite Arjuna's withdrawal of the 2024 Proposal, *see* ECF No. 37, none survives its current covenant.

Arjuna clearly tried to parallel the *Already* covenant here. *Compare* ECF No. 41-1 at 2 ("Arjuna hereby unconditionally and irrevocably covenants to refrain henceforth from submitting any proposal for consideration by Exxon shareholders relating to GHG or climate change."); *with Already, LLC*, 568 U.S. at 93 ("Nike unconditionally and irrevocably covenants to refrain from making any claim(s) or demand(s) . . . against Already."). In *Already*, the Court found "[t]he breadth of this covenant suffice[d] to meet the burden imposed by the voluntary cessation test" because it was "unconditional and irrevocable." *Already, LLC*, 568 U.S. at 93. So too here. *See* ECF No. 41-1.

Nothing says "dedication to the cause" like dropping a proposal at the first hint of litigation. *See* ECF No. 22-2 at 32 ("Arjuna and the shareholders will not refile the proposal with Exxon at any time in the future, and will not present the proposal on the floor of an annual meeting."). Indeed, the haste of Arjuna's about-face may suggest Arjuna was pessimistic about the proposal's excludability. But to be fair, Arjuna was caught between a rock and a hard place. Arjuna is a boutique wealth management firm with offices in North Carolina and Massachusetts. ECF No. 22-1 at 8. Exxon is one of the largest multinational conglomerates on the planet. *See* ECF No. 1. Thus, Arjuna cannot be faulted for bowing out, opting to live and fight another day.

And that seems to be Exxon's main point: that its claim isn't moot because Arjuna can fight on. *See* ECF No. 50. True, Arjuna is devoted to shareholder activism. True, Arjuna's leadership is "manifestly biased" against Exxon. *See* ECF No. 31 at 11. True, Arjuna's letter was far from conciliatory. *See* ECF No. 41-1. Thus, it's not a matter of *if* Arjuna will

3

resume shareholder activism, but *when* and *against whom*.[1] Arjuna's counsel didn't shy away from this fact at today's hearing. Nevertheless, Arjuna's correspondence with Exxon—and the representations of its counsel at this morning's hearing—foreclose bringing the fight back to Exxon. *See generally* ECF No. 51-1 at 1 ("Arjuna . . . intended its covenant to have the broadest scope and meaning . . . Arjuna intends for its May 27 covenant to prohibit Arjuna from (a) submitting a proposal on its own behalf, (b) submitting a proposal as a representative of another person or entity, and/or (c) indirectly submitting a proposal by acting as a representative of another persona or entity who has submitted a proposal[] concerning GHG or climate change.").

Exxon raises concerns that Arjuna will work "behind the scenes" with other activists to submit similar proposals. ECF No. 43 at 3. The representations of Arjuna's lawyer at today's hearing assuage those concerns and are enforceable. *See, e.g.*, *Umphress v. Hall*, 500 F. Supp. 3d 553, 557 (N.D. Tex. 2020) (dismissing claim as moot, relying in part on counsel's assurances at hearing that state judicial conduct commission would not pursue disciplinary action against judge) (Pittman, J.); *see also Christian Coal. of Al. v. Cole*, 355 F.3d 1288, 1293 (11th Cir. 2004). Yet even before those statements, Exxon's position was too attenuated to confer standing. *See Lujan*, 504 U.S. at 561 (noting "a plaintiff's injury has to be fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court"). That's because hypotheses about the actions

---

[1] Exxon emphasizes Arjuna's dedication to shareholder activism and its continued defense of the 2024 Proposal. *See* ECF Nos. 43, 50. But voluntary-cessation precedents do not indicate defendants must recant their core convictions to moot a case. Here, Arjuna irrevocably communicated a future intent not to submit GHG proposals to Exxon. *See* ECF No. 51. And unlike the contingent promises in *Netflix* and *Fenves*, Arjuna is not at liberty to change course now. *See Netflix, Inc. v. Babin*, 88 F.4th 1080, 1089 (5th Cir. 2023) (noting Babin did not carry his "formidable burden" to moot Netflix's case because "[h]e dismissed the first indictment without prejudice," leaving him "free to pursue charges . . . against Netflix again"); *Speech First, Inc. v. Fenves*, 979 F.3d 319, 329 (5th Cir. 2020) (holding UT's "continue[d] defense" of the challenged policy against them, reasoning "University officials' disavowals of any future intention to enforce the policies . . . are compatible with, and simply reinforce, the open-ended language in those policies").

of other entities with whom Arjuna is ideologically aligned are "conjectural" and "hypothetical." *See id.* at 560. Even if they're plausible.

At base, the second time's the charm for Arjuna, as its "unconditional and irrevocable" pledge ensures Exxon the offending conduct won't recur. *See Already, LLC*, 568 U.S. at 93. To be sure, voluntary-cessation precedents don't look kindly upon suit-dodging maneuvers. *See Knox v. Serv. Emp. Int'l Union, Local 1000*, 567 U.S. 298, 307 (2012) (noting "post[suit] maneuvers designed to insulate [from judicial review] . . . must be viewed with a critical eye"). Accordingly, defendants arguing their voluntary cessation moots a claim must show that "it is absolutely clear the allegedly wrongful behavior could not reasonably be expected to recur." *Friends of the Earth*, 528 U.S. at 190. Arjuna does.

While Exxon nitpicks Arjuna's language, the Court is unsure what *would* moot Exxon's claim if Arjuna's "unconditional" and "irrevocable" promise does not. *See* ECF No. 41-1 at 2.[2] Indeed, Exxon's insistence on litigating abstract future potentialities lends credence to Arjuna's arguments regarding Exxon's motives. *See* ECF No. 22-1 at 7 ("In refusing to dismiss this case following the withdrawal [and subsequent covenant], Exxon has laid bare its true intention—to challenge how the SEC interprets and applies its own proxy proposal rules."). If Exxon is primarily concerned with Arjuna, then Arjuna's covenant is great news. *See* ECF No. 51-1. If Exxon is using Arjuna as a proxy for a battle against the SEC, Arjuna's covenant is a gut-punch. And if the truth is in the middle, and Exxon simultaneously wants to stop Arjuna whilst making a point to the SEC, then Arjuna's covenant is a Pyrrhic victory. But motives aside, it is well-settled that federal judicial power "is legitimate only in the last resort, as a necessity in the determination of [a] real,

---

[2]Remarkably, Exxon seems to suggest the only way Arjuna could moot Exxon's claim would be a stipulation that the 2024 Proposal is excludable. *See* ECF No. 43 at 5. Like Arjuna, the Court is unaware of any case law indicating a stipulation on a claim's merits is required to establish mootness. Indeed, insofar as excludability is a legal determination, it doesn't do much good for Arjuna, rather than a court, to make that call. *See generally* Gary Lawson, *Stipulating the Law*, 109 MICH. L. REV. 1191 (2011) (explicating such stipulations through competing judicial paradigms).

earnest, and vital controversy." *Chi. & G.T. Ry. Co. v. Wellman*, 143 U.S. 339, 345 (1892). And none exists here.

Because Arjuna can't back out of its covenant, any opinion on Exxon's claim would be advisory. *See Carney*, 592 U.S. at 64. Exxon emphasizes that "[a] case becomes moot only when it is impossible for a court to grant 'any effectual relief whatsoever' to the prevailing party." *See Knox*, 567 U.S. at 307 (quoting *Erie v. Pap's A.M.*, 529 U.S. 277, 287 (2000)). Exxon says an excludability declaration would provide effectual relief here. *See* ECF No. 43 at 2. Not so. While a case is not moot "as long as the parties have a concrete interest, however small, in the outcome of the litigation," *Ellis v. Ry. Clerks*, 466 U.S. 435, 442 (1984), the relief must be effectual vis-à-vis the underlying dispute, not the plaintiff's general interests. *See Haaland v. Brackeen*, 599 U.S. 255, 294 (2023) (noting "[i]t is a federal court's judgment, not its opinion, that remedies an injury"). And if "petitioners can hope for nothing more than an opinion, [] they cannot satisfy Article III." *Id.* Considering Arjuna's covenant, any "effectual relief" accruing to Exxon would come from the Court's opinion of excludability, not its judgment regarding Arjuna. That's relief federal courts can't provide. *Carney*, 592 U.S. at 64.

## CONCLUSION

The exercise of judicial power is improper without a live case or controversy. *See id.* As Exxon and amicus note, the trend of shareholder activism in this country isn't going anywhere. *See generally* ECF No. 33 at 13–17 (explaining how "activist groups inundate public corporations with proposals designed to push ideological agendas"). The SEC is behind the ball on this issue. *See id.* But the Court cannot advise Exxon of its rights without a live case or controversy to trigger jurisdiction. *See Lujan*, 504 U.S. at 560–61; *see generally* U.S. CONST. art. III, § 2. As Arjuna has eliminated any case or controversy between the Parties here, Exxon's claim is **MOOT** and must be **DISMISSED without prejudice**.

**SO ORDERED** on this **17th day** of **June 2024.**

MARK T. PITTMAN
UNITED STATES DISTRICT JUDGE